## H. McCLANAHAN v. W. B. BRACK.

1. ATTACHMENT — CLERICAL ERROR. — Where an attachment was issued upon an affidavit that defendant "has assigned," etc., with intent to give an unfair preference to some of his creditors," and the writ of attachment, in reciting the affidavit, had the word "them" instead of "creditors": *Held*, that it was proper to look to the whole record, made up of the affidavit, bond and writ of attachment, and, if it appeared to be a clerical error, to so regard it, and treat it as immaterial.

2. SAME — DIFFERENCE IN DATE OF AFFIDAVIT AND BOND, AND THE ATTACHMENT. — That the affidavit and bond for attachment were dated 24th November, 1866, and the writ of attachment was dated 12th December, 1866, do not, *ipso facto*, constitute ground for quashing the attachment. Such delay between the several steps of the proceeding, as fairly to induce the presumption that the process of the court is abused, or used oppressively, or that the cause of the attachment may not be true when the writ is sued out, may be ground for setting aside the whole proceeding, unless, however, there are these strong features, the propriety of the proceedings ought to be tested by plea in abatement, on trial of which the question is, whether the attachment was wrongfully sued out at the time of its issuance, and, if the condition of things was changed between the date of the affidavit and the issuance of the attachment, the defendant could, under the issue joined upon his plea in abatement, avail himself of the altered condition of things, in reference to the ground of the attachment, as set forth in the affidavit.

3. SAME — ERROR IN DATE OF YEAR IN WHICH ATTACHMENT IS MADE RETURNABLE. — That the writ of attachment was made returnable in its body "on the seventh Monday after the fourth Monday of March, 1866," when it should have been 1867, is a clerical error, cured by other parts of the record, which show that 1867 must have been intended. Such an error is amendable in the circuit court.

4. MOTION TO QUASH PROCESS FOR A DEFECT WHICH IS AMENDABLE IS AN APPEARANCE. — A motion to quash process for a defect which is amendable on motion, has been held by this court to be such an appearance as dispenses with the necessity to amend.

ERROR to the circuit court of Monroe county.   BOONE, J.

The facts are distinctly stated in the opinion of the court.

*Sale & Dowd*, for plaintiff in error.

The first ground for quashing assigned in the motion is, that "it appears from said writ it was not issued on any ground known at the time to the laws of Mississippi. In order to identify the writ of attachment with that for which

the affidavit is made and bond executed (so that in case of a "wrongful suing out," the sureties on the bond may be made liable without question), the writ should recite from the affidavit. Rev. Code, 374. Jurisdiction must also affirmatively appear. In the case at bar, the ground of attachment recited in the writ (and to which the latter is confined, and by which plaintiff is concluded here, and we will be in a suit on the bond) is not a lawful ground, viz. : "that he has assigned, and is about to dispose of part of his property, with intent to give an unfair preference to some of them." Some of whom? some of his creditors? There is nothing in the recital to indicate that meaning. The only persons to whom the pronoun "them" can apply in this connection are the names just preceding it in the recital, Jno. T. Jameson, W. B. Brack, or George W. Pennington, clerk. By our statute (Rev. Code, p. 372, § 2, No. 5) the assignment or disposal, by a debtor, of his property, in whole or in part, constitutes no ground of attachment, unless made with the intent to defraud his creditors, or to give an unfair preference to some of them. The fraudulent intent then, and against creditors, being the mischief to be guarded against, must be distinctly averred beyond any misapprehension. The recital in this writ is simply without meaning, and it is not for the court to supply the deficiency in attachment cases.

It is no answer to this objection to say that the affidavit, bond and writ are on different pages of the same sheet of paper, and that the meaning of the recital in the writ can be easily gathered from the accompanying affidavit and bond. They are distinct and separate documents, and each must, in itself, fulfill all the requirements of the statute. The remedy by attachment being an extraordinary one, the creditor is required to conform strictly to the law in each of the steps prescribed. He must make a proper affidavit, setting forth the indebtedness, and averring the particular ground specified in the statute. He must execute a sufficient bond, referring to the writ issued at the creditor's

prayer, so as to connect with it, and conditioned to pay damages sustained by its wrongful suing out. The officer must then issue the writ, in the form, or to the effect, prescribed by the statute, reciting the affidavit, referring to the bond, and commanding a seizure of defendant's property.

In the case at bar there is a proper affidavit for an attachment, there is an attachment bond in proper form, but the writ of attachment, instead of the recital required by the statute, recites, as the ground of its issuance, a state of facts which do not, under our laws, warrant it, and different from the affidavit found on the file.

The second ground for quashing assigned in the motion is, "that it appears from the papers in the cause that this attachment writ was issued without any bond by plaintiff for it." We are not here moving to quash, it must be borne in mind, on account of a defective affidavit or bond. As we have before said, there is here, among the papers in the file, a good affidavit and a good bond, but not for this writ, referring by description, as they certainly do, to some other writ of attachment not on file. It is only necessary to compare the bond, in this cause, with the writ, to show that the former cannot be regarded as the bond required by the statute before the issuance of this writ. There is not a single point of identity, except that the parties are the same in both. The bond recites that Brack's agent had on that day (November 24, 1866) prayed and obtained an attachment, etc. The writ shows it was obtained December 12, 1866, that being the date of its issuance. The bond recites that the writ so obtained is returnable to the next term of the circuit court, on the seventh Monday after the fourth Monday in March, 1867. This writ is made returnable to the seventh Monday after the fourth Monday in March, 1866.

In a case where the bond recited the issuance of the writ at a different date and returnable to a different day, from the true one, the bond has been held to be defective. Drake on Attachment, § 127 ; Lowry v. Stowe, 7 Porter, 483. If

the bond here is intended for the subsequent attachment issued December 12, it is wholly without consideration; for an attachment issued eighteen days or eighteen months after the bond cannot afford consideration for that bond, reciting, as it does, that it is given for an attachment issued that day, November 24th.

Suppose, hereafter, a suit should be instituted on this bond for damages sustained under this writ of attachment. The obligors would ask, "have you sustained any injury by reason of the wrongful suing out of an attachment issued on the day of the date of this bond, and returnable to the circuit court on the seventh Monday after the fourth Monday in March, 1867?" The answer must be, "No, but we have been damaged by an attachment issued December 12, 1866 (eighteen days later than that provided against by the bond), and returnable to the circuit court at a different term." This test we conceive to be conclusive. No recovery could, under the circumstances, be had on the bond.

The attachment writ being made returnable to the May term, 1866 (seventh Monday after fourth Monday in March, 1866), after that term it is *functus officio*, and nothing can be done with it after that time. Drake on Attachment, § 184; Dame v. Fales, 3 N. H. 70. And proof will not be admitted to show a mistake in dating. Drake on Attachment, 127.

The third ground assigned for quashing, is that "there was and is no lawful affidavit, either of indebtedness by defendant or of lawful ground of attachment, existing at the date of said writ." The affidavit made November 24, 1866, states "that McClanahan is justly indebted to Brack in the sum of $3,300, and has assigned, etc., and is about to dispose of part of his property with intent," etc. The affidavit should be made the day the attachment is sued out, so as to show that the debt attached for is then due and unpaid, and that the ground alleged still exists.

McClanahan may have owed Brack $3,300 on the 24th of November, 1866, and may then have been "about to dispose, etc., of his property," etc., but by the twelfth of December he

may have paid it in full, and may have notoriously abandoned all idea of disposing of any of his property. Suppose it had been paid in the interval, but Brack, from vindictive motives, had persisted in having the writ issued ; or suppose a ground existed November 24th which did not exist December 12th, he could not have been made liable for the injury to McClanahan, for his affidavit was true at the time it was made, if that be a justification. If eighteen days may be disregarded, so may eighteen months or two years, and a creditor may make his affidavit and bond and suspend his writ at his pleasure.

It is true, as urged in reply by plaintiff's counsel in the court below, that *alias* writs may issue long after the first one. But an *alias* follows and is connected with the original, and its office is to perfect and carry out proceedings commenced under the original. And, too, the statute does expressly allow that. The authority is arbitrary and may not be gainsaid by reason and argument. But will counsel contend that an original attachment writ may issue as long after the affidavit as an *alias* or a *pluries* may be after the original ?

A ground for quashing the proceedings under the attachment, not specially made a ground in the motion to quash, is, that the writ of attachment in this cause was made returnable on the seventh Monday after the fourth Monday in March, 1866 (commonly called the "May term," 1866), of the circuit court ; after which time the writ became *functus officio*, and nothing could be done under it in December, 1866, or January, 1867, when the record shows the levy was made. See Drake on Attach., § 184 ; Dame v. Fales, 3 N. H. 70, *ut supra.* It may be objected to this ground, that it was not made in the court below, and therefore cannot be made here now for the first time. But the rule that objections not taken below cannot be heard in the appellate court does not apply to one which, if taken, would have destroyed the foundation of the action. Palmer v. Lorrillard, 16 Johns. 347. Nor to objections raised in

the appellate court, which could not, by amendment, have been obviated in the court below. Beekman v. Frost, 18 ib. 543. In this case the objection, if taken below, certainly ought to have destroyed the foundation of the action, which, as far as the proceeding *in rem* was concerned, was the levy and seizure of property under the attachment. The writ being *functus officio* before the levy, of course all proceedings under it would fall to the ground. Neither is the matter a subject for amendment. Courts may amend defects, but they cannot manufacture writs, etc., to hand.

Another objection which was taken in the circuit court by counsel for plaintiff below is, that all defects of the writ are cured by the appearance of McClanahan. This point having been made in the court below is our apology for noticing it here, where we scarcely suppose it will be made by opposite counsel. The answer is plain: We are not quarreling with the judgment *in personam*. McClanahan was in court by personal service of process. If this service were defective, the defect was cured by appearance. But this personal appearance, even if plea filed to the merits, will not cure or waive the defects in the proceedings *in rem*, which, by his very appearance and moving to quash, defendant was seeking to condemn. The proceedings *in rem* under the writ, levy, return, etc., may be quashed for defects or irregularities; yet the defendant, having appeared, will be compelled to plead to the merits, and a general judgment *in personam* may be rendered against him. Lawrence v. Featherston, 10 Smedes & Marsh. 345.

In attachments there are two separate and distinct parts or proceedings. One, the proceeding *in personam*, directed against him personally, as in case of ordinary suits. The other, the proceeding *in rem*, directed against the estate of the debtor. The former may proceed without the latter, and the latter without the former. Thus, where the writ and levy thereunder are irregular and defective, yet, if the defendant has been summoned in person, he may appear and plead that he does not owe the debt or has paid it, with-

out waiving the defects in the writ as a proceeding *in rem.* A *fortiori* may he appear for the sole purpose of quashing the writ on account of those defects, without waiving them. The only way we could waive the irregularities in the attachment would be by replevying the property attached, or traversing the truth of the grounds of the attachment, thus admitting that if the grounds stated were true the attachment is good.

*Houston & Reynolds,* for defendant in error.

1. No attachment shall be quashed or abated for want of form, if the substantial matters expressed in the precedents be contained therein. Code of 1857, art. 6, p. 374. Under this provision, an attachment writ is not required to conform "*verbatim et literatim*" to the form as laid down, but it shall not be quashed or abated if the substantial matters be contained therein.

It is plain that the omission of the word "creditors" is a mere clerical omission ; the meaning of the language used is intelligible. It has been repeatedly decided that a mistake of the officer issuing an attachment will not vitiate it. Lovelady v. Harkins, 6 Smedes & Marsh. 415, 416 ; Byrd v. Hopkins, 8 ib. 443 ; Houston v. Belcher, 12 ib. 514.

In Lovelady v. Harkins, the writ of attachment recited that "plaintiff," instead of "defendants," were concealing their effects, and it was decided that the mistake would not vitiate the writ. But if the omission be of such "substantial matter" that the court below should have sustained the motion to quash, still the defendant in error would have the right to amend and insert the omitted words in the process. "If any matter required to be inserted in or indorsed on any process shall be omitted, such process shall not, on that account, be held void, but it may be set aside as irregular, or amended on such terms as the court shall think proper." Code of 1857, art. 70, p. 490. We shall insist hereafter, that the appearance of plaintiff in error is a waiver of all irregularities in the process.

2. The second ground of the motion to quash is, "that it appears from the papers in the cause, that the writ of attachment was issued without any bond by plaintiff for it."

Plaintiff in error states, that he is not moving to quash because of a defective affidavit or bond; that there is a good affidavit and a good bond on file, but not for this writ, as they refer by description to some other writ of attachment.

The position of counsel leads to this inconsistency. He moves to quash, because there is no bond, and yet admits that there is a good bond on file; a motion to quash for the non-existence of a fact which he admits (and the record sustains his admission) to exist. The ground assigned in the brief of counsel for plaintiff in error, but not in the motion is, that the bond on file recites the issuance of a writ at a different date, and returnable to a different time, from the one which he moves to quash. In such a case, the motion to quash should be for defects in the bond, and the authorities cited by counsel sustain us in this position. Drake on Attach., § 127; 7 Porter (Ala.), 483. To illustrate: A sues B. The writ summons B to answer A in an action of debt. The declaration which is filed with the summons is in trover. B moves to dismiss because there is no declaration on file which agrees with the form of action stated in the writ. The motion would be overruled, because there was a declaration on file. So, by parity of reasoning, if there be an attachment, bond and writ filed in the same suit, differing in dates and recitals, the defect should be taken advantage of by motion to quash on account of irregularities in the bond.

Counsel move to quash the writ, under the impression (an erroneous one) that, if the motion was sustained, the writ could not be amended; but, if the motion had been to quash the bond, the attachment law authorizes an amendment, and the substitution of a new bond. The amendment of the writ is authorized by art. 70, p. 490 of Rev. Code. But the motion to quash the writ for the ground assigned was

properly overruled. If a writ of attachment shows that it was issued after the execution of the bond, the recital to the contrary in the condition of the bond will be no ground for quashing the writ. Summers v. Glancey, 3 Black. 361. The lapse of a few days between the date of the bond and affidavit and the issuance of the writ would not be sufficient grounds for a motion to quash the writ. Under our statute, the writ of attachment is not required to be issued the same day that the bond and affidavit was made, but it must be issued before the next succeeding term of the court. Creagh v. Delane, 1 Nott & McCord, 189 ; Wright v. Ragland, 18 Tex. 289 ; Graham v. Bradley, 7 Mo. 281.

The words in the recitals of the attachment bond, "that plaintiff hath prayed for and obtained a writ of attachment," do not mean that before the execution of the bond an attachment writ had been issued (obtained). The words, "hath obtained the same," refer to the words which follow, "returnable to the court," etc. ; they have no reference to the time of the issuance of the writ but to the court to which it was made returnable. Any other construction would lead to the conclusion that the writ of attachment must issue before the bond is given.

But it is insisted that the bond recites that the writ so obtained is returnable to the next term of the circuit court, on the seventh Monday after the fourth Monday in March, 1866, but that the writ is returnable the seventh Monday after the fourth Monday in March, 1866. The writ bears date 12th December, 1866, and, of course, it could not be made returnable to a day which was prior to its existence. This mistake of the officer who issues the writ will not vitiate the attachment. 6 Smedes & Marsh. 416 ; 8 ib. 443 ; 12 ib. 514, 723.

In answer to the position, that the sureties could not be made liable for any damages sustained by the wrongful suing out of this attachment, we ask the court's attention to Love v. Ridwell, 4 Black. 553 ; Houston v. Belcher, 12 Smedes & Marsh. 516, 526.

3. The ‘third ground for quashing the writ is, that "there was no affidavit." The affidavit bears date several days prior to the date of the writ. This objection we have already considered under the second head, and ask the court's attention to the following authorities already cited. Graham v. Bradbury, 7 Mo. 281 ; Code, 1857, art. 3, p. 373 ; art. 14, p. 377.

4. The fourth objection urged is, that the writ of attachment was returnable on the seventh Monday after the fourth Monday in March, 1866, after which time the writ became *functus officio.* It is true, as a general proposition, that, after the return day of any process, the process becomes "*functus officio,*" and the question presented in this case is, what was the return day of this writ? It was issued 12th December, 1866, and, if it became dead on the seventh Monday after the fourth Monday in March, 1866, it died before it had an existence. The return day of this writ of attachment was the term of the circuit court next succeeding the date of its issuance, then it became "*functus officio.*" Houston v. Belcher, 12 Smedes & Marsh. 514 ; Dandrige v. Stevens, ib. 723. This objection was not made in the court below, and will not be considered in this court. If it had been made in the court below, we could have amended the process. Code of 1857, art. 70, p. 490.

5. An attachment is a proceeding *in rem* and *in personam.* An appearance of the defendant is a waiver of all defects and irregularities, so far as that portion of the process is concerned which requires the defendant to be summoned. If the writ is returnable to an improper term, or if it was *functus officio* at the time of the service, the appearance of the defendant cures the defect. Fisher v. Battaile, 31 Miss. 471 ; Bustamente v. Bescher, 43 ib. 172 ; Miller v. Ewing, 8 Smedes & Marsh. 421 ; Harrison v. Agricultural Bank, 2 ib. 307 ; Winston v. Miller, 12 ib. 550. If an appearance of the person cures all defects in the writ, so far as the proceeding *in personam* is concerned (counsel for plaintiff in error admits that it does), will not

an appearance of the property, by the defendant giving a replevy bond, or a third person a claimant's bond, have the same effect upon the proceeding *in rem?* This court has decided that, where the defendant replevies the attached property, it is a waiver of all objections to the levy and to irregularities in the writ. Wharton v. Conger, 9 Smedes & Marsh. 510 ; Lawrence v. Featherstone, 10 ib. 347 ; 6 How. 193 ; Richards v. Mooney, 39 Miss. 357 ; Frisby v. Harrison, 30 ib. 452 ; 38 ib. 544 ; 41 ib. 554, 647.

What was the reason of these decisions? The object of the writ of attachment was to bring the property of the defendant before the court, and, after it was so brought, to order its sale for the payment of the demand of the attaching creditor ; but, if the defendant gives his bond to have the attached property forthcoming, to abide the decree of the court, the purpose of the writ is accomplished. The bond of a third person, claiming the attached property, and to have it forthcoming to abide the judgment of the court, has the same effect.

Simrall, J. :

The "cause" for the attachment, was that McClanahan, the debtor, had assigned a part of his property, and was about to dispose of part thereof, with intent to give an unfair preference to some of his creditors." The affidavit and bond are dated the 24th of November, 1866. The attachment was issued the 12th of December, 1866. The writ directed the sheriff to attach the debtor's property, etc., so as to compel his appearance at the court, to be held on the seventh Monday after the fourth Monday of March, 1866. The writ, in reciting the affidavit, in the final word uses the pronoun "them" instead of "creditors," "with intent to give an unfair advantage to some of them." Personal service was had upon the defendant. The papers were returned into the circuit court, held on the seventh Monday after the fourth Monday of March, 1867, showing that a levy had been made by the sheriff, on the 12th of December,

1866, and that the property had been replevied.  The plaintiff filed his declaration at the May term, 1867.  The case is brought into this court to review the decision of the circuit court, overruling a motion to quash the attachment.

The first cause assigned in the motion to quash is not well taken.  The affidavit preserves, almost literally, the terms of the fifth subdivision of article 2 of the attachment law. The objection taken to the proceedings are, that the affidavit, as recited in the attachment, does not correspond with that actually made.  The affidavit, bond and the writ are of "the record."  No principle is better settled, or more salutary to the just and wholesome administration of justice, than that the whole record must be read and construed together.  If one part makes it manifest that a word omitted or inserted in another part was a clerical error, it should be so considered.  That was distinctly recognized in Lovelady v. Hoskins, 6 Smedes & Marsh. 416.  There, the variance was between the affidavit and the recital of it in the writ.  The attachment writ read, the "plaintiffs were concealing;" the affidavit was, the "defendants were," etc. This was a mere clerical error, which appeared "by looking at the whole record."  In Byrd v. Hopkins, 8 Smedes & Marsh., the writ did not name the "court," to which defendant must appear, but the bond, another part of the record, correctly recited the court, and the "circuit" court was the only one that had jurisdiction.  In Houston v. Belcher, 12 Smedes & Marsh. 515, a similar error was in the bond, but for the same reason it did not prevail.  In Lawrence v. Featherston, 10 ib. 347, the condition of the bond recited the debt as $10 more than the affidavit.  But it was declared that the affidavit must control, it being the foundation of the whole proceeding.  The doctrine of these cases disposes of this point.

There is more difficulty as to the effect of the interval of time, between the dates of the affidavit and bond, and the issuance of the attachment.  There is force in the argument of counsel, that the condition of things may be different on

the twelfth of December when the attachment was sued out, from what they were on the twenty-fourth of November, when the affidavit and bond were made. The execution of the bond is a condition precedent to the issuance of the writ. The recital, that the creditor "hath the day of the date thereof prayed an attachment, etc., and obtained the same returnable," etc., does not mean that the writ has actually been perfected, but rather that he has obtained a "right" to its issuance, and upon executing the bond may demand it. The writ emanates after bond sealed, may it issue the next day, the next week or the next month? How long after the affidavit and bond had been made? It is manifest that the affidavit and bond are not required to be contemporary acts. The issue provided for in the fourteenth article of the attachment law, "traversing the truth of the causes of the attachment," puts in controversy the rightfulness of the proceeding in issuing the attachment. "The jury are to try and determine whether the attachment was wrongfully sued out." Such a plea puts the plaintiff on the proof of the truth of the causes as existing at the time the writ was actually issued. If, therefore, although on the date of the preliminary proceedings, the "cause may have existed," yet, when afterward the writ had been sued out, the intention and purposes of the debtor had been abandoned, and that "cause" no longer existed, or had been abandoned, the debtor may avail himself of the benefit of the altered condition of things by the plea in abatement. In Graham v. Bradley, 7 Mo. 283, the objection was, that an interval of nine or ten days intervened between the affidavit and the issuance of the writ. The mode of taking advantage of it, said the court, was by plea, which would have put in issue the truth of the affidavit, at the time of issuing the writ. It was observed by the court that there would often be difference in the dates of the several proceedings. So, too, in Campbell v. Wilson, 6 Texas, 395, the affidavit was made on the sixth, bond executed on the seventh and filed on the ninth, and attachment sued out the eleventh of the month,

yet the proceedings were sustained.   In Wright v. Ragland, 18 Texas, 293, the affidavit was sworn to on the ninth of June, bond and the attachment dated the third of July.  The motion to quash was because of the lapse of time from the date of the affidavit to the bringing of the suit.   The court say, the "delay must be such as to cast suspicion on the verity of the transaction, or lead to the supposition, that the grounds stated in the affidavit had ceased to exist."

If there be such delay between the several steps in the proceedings as fairly to induce the presumption that the process of the court is abused, or used oppressively, or that the "cause" of attachment may not be true when the writ is sued out, we think that the whole proceedings upon motion may be set aside.   This rests much in discretion, depending on the special circumstances of the case.   Unless, however, there are these strong features to warrant this peremptory disposition of the suit, the propriety of the proceedings ought to be tested by plea in abatement.   The recitals in the bond and attachment are for the purposes of identity, so as to connect the affidavit, bond and writ together as parts of the same suit, rather than to indicate the order in point of time in the proceedings.   The insertion of the year "1866," in the writ, instead of "1867," is a clerical error, cured by other parts of the record and covered by the authorities referred to.   This, however, was not assigned as reason for quashal of the writ.   If it had been, the circuit court could have cured the defect by amendment, under art. 70, p. 490, Code.   "Such amendment may be made upon any application to set aside or quash the writ."   This is a reason why the point ought not to be pressed in this court.   We have looked at the case in 3 N. H. 70, quoted by counsel, and also into three of the cases there referred to.   In all the cases parol evidence was offered to show the mistake, which was inadmissible.   2 Johns. 190 ; 6 ib. 309, were cases, where a "term or more intervened between the teste and return of the writs."   They were, therefore, held to be void, and not amendable.   The statute above

quoted expressly declares, the writ shall not be "void" for the omission of a matter required to be "inserted," but only "irregular" and capable of "amendment." But this writ was tested the 12th December, 1866, and was returned to the proper term of the court next ensuing; nor had judgment been taken against defendant before he appeared and made his motion. Dundridge v. Stephens, 12 Smedes & Marsh. 724. In Harrison v. Agricultural Bank, the same exception was taken to the writ as here, but it held, that as the process was amendable, a motion to quash was such an appearance as dispensed with the necessity to amend.

*The judgment is affirmed.*