## W. T. LAGRONE *v.* MOBILE & OHIO RAILROAD CO.

1. MASTER AND SERVANT. *Railroad. Section master and section hand, fellow-servants.*

    A section master and a laborer under him, who are engaged in common service in track repairing for a railroad company, are fellow-servants ; and the company is not liable to the latter for an injury caused by the negligence of the former while so engaged. See *Ry. Co.* v. *Petty, ante,* 255.

2. SAME. *Section master ; not vice-principal. Case in judgment.*

    In a suit against a railroad company, plaintiff alleged the following : A section master, having authority to employ and discharge section laborers and to direct their work, in track repairing discovered a bent and defective fish-bar, and, instead of applying for a new one, as was his duty, directed plaintiff, one of the laborers employed by him, who was inexperienced and not aware of any danger, to hold the same in a certain position while he attempted to straighten it by blows with a heavy hammer. By reason of his negligence and want of skill in striking the fishbar, the hand of plaintiff was severely injured. *Held*, on demurrer, that the company was not liable.

FROM the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

This suit was brought against the Mobile & Ohio Railroad Company by the appellant, W. T. Lagrone, for damages on account of an injury received by him while in the service of the company as a section hand engaged in track repairing. The declaration contains three counts, in each of which it is alleged that at the time of the injury plaintiff was working under one Edwards, who was in the employ of the company as section master ; that Edwards had full control of the work, and authority to hire and discharge the laborers under him, not exceeding three; that plaintiff was employed by him for the company and received the injury complained of while holding a fish-bar, which the section master was attempting to straighten, in order that it might be used to replace one that was found to be broken ; that plaintiff's hand was crushed and permanently injured ; that the company had committed to Edwards the duty of supplying the laborers under his command with all necessary implements and appliances, and that it was his

duty to have supplied a fish-bar that was not bent or defective to replace the one that was broken.

The first count avers that the duty to provide a fish-bar that was not defective devolved upon the company, and this duty it committed to Edwards ; that he negligently failed to provide such a fish-bar, but furnished one that was bent and out of shape, and that, by reason of the negligence of the company in the person of Edwards, plaintiff was injured.

The second count alleges that Edwards wrongfully and negligently commanded plaintiff to hold the fish-bar in a certain position while he struck it with a heavy instrument ; that obedience to said command placed plaintiff in a position of far greater risk than was incident to his employment, and that, by reason of these facts and the careless and improper command of Edwards, plaintiff had been injured.

The third count avers that Edwards, in a careless and negligent manner, struck the fish-bar a powerful blow with a heavy instrument while the plaintiff was holding it, which crushed and permanently injured plaintiff's hand.

It was further alleged in each count that plaintiff had but little knowledge or experience as a railroad hand ; that he did not know the duties of a section master, but supposed that Edwards was pursuing the line of his duty, and that it was incumbent on plaintiff to obey his commands ; that plaintiff was not aware of the hazard he was assuming in obeying such commands. Each count is full and specific as to the time, place and manner of the injury, averring that it was caused by the negligence of the said Edwards as the representative of the company, and without contributory negligence on the part of plaintiff.

A general demurrer was sustained to the declaration. Plaintiff declined to amend, and from a judgment of dismissal this appeal is prosecuted.

*Rives & Rives,* for appellant,

Filed an elaborate written argument, making the following points :—

67 MISS.—38

1. We admit the general rule that a servant takes the risk of injury arising from the negligence of fellow-servants. As to who are fellow-servants the general rule is about the same in all the states, though there is a wider range of exceptions in some than in others. We are not aware of any case decided by this court in which the facts were such as to call for an enunciation of any exception to the general rule as to who are fellow-servants. Manifestly there are exceptions—special cases where the negligent person is not a fellow-servant, but a vice-principal as to the servant who is injured. This is recognized by the language of our own decisions. A corporation master owes certain duties to its servants. It can only act through agents. If to these authority is delegated, they represent the corporation, and it is liable for their negligence causing injury to a servant. Such case constitutes an exception to the general rule that all "co-working in the same common enterprise, and under the same master and compensated by him, are fellow-servants."

2. To a railroad section laborer the company owes the duty of supplying adequate means and materials for the work. The corporation must necessarily commit this duty to some of its servants and employés, and if the person to whom the duty is committed neglects to perform it, the corporation is liable.

3. If a railroad section-master has superintendence of the work of keeping a section in repair, with authority to employ, direct, control and discharge hands, the command of the section-master to the hands under him, in a matter within the general scope of the service, is the command of the company. In such case the superior is vice-principal, and not a fellow-servant with the inferior he has the right to direct, not because of the superiority in rank merely, but because of the right to direct and command for the company.

4. If, under the circumstances just stated, the section-master, in what manual work he does, is to be regarded as a fellow-servant, and one of the laborers he has employed is injured, partly by his negligence and partly because the company has furnished defective appliances and materials for the work, the corporation is liable.

In other words, if the negligence of the master contribute with the negligence of a fellow-servant to produce injury, the master is liable.

In support of these positions counsel cited the following authorities: *McMaster* v. *R. R. Co.*, 65 Miss. 267; *R. R. Co.* v. *Hughes*, 49 Ib. 258; Cooley on Torts, 555, *et seq.*; *Labor* v. *Ry. Co.*, 4 Am. R. 616 (52 Ill. 401); *Flike* v. *R. R. Co.*, 13 Am. R. 545 (53 N. Y. 549); *Ford* v. *R. R. Co.*, 14 Am. R. 598 (110 Mass. 240); *Patterson* v. *R. R. Co.*, 18 Am. R. 413 (76 Pa. 389); *Dobbin* v. *R. R. Co.*, 31 Am. R. 512 (81 N. C. 446); *Brown* v. *R. R. Co.*, 38 Am. R. 285 (27 Minn. 162); *Dowling* v. *Allen*, 41 Am. R. 298 (74 Mo. 13); 43 Am. R. 318 (10 Lea 741); 49 Am. R. 718 (16 Neb. 254); 2 Am. St. R. 82 (121 Ill. 259); 2 Am. St. R. 631 (116 Pa. St. 628); 3 Am. St. R. 92 (82 Va. 140); 4 Am. St. R. 348 (146 Mass. 586); 8 Am. St. R. 311 (16 Or. 515); 9 Am. St. R. 386 (96 Mo. 207); 10 Am. St. R. 67 (117 Ind. 439); Note to *Murray* v. *R. R. Co.*, 36 Am. Dec. 289; Note to *Fox* v. *Sanford*, 67 Ib. 590; 55 Ill. 234, 495; 46 Wis. 497; 29 Kans. 149; 135 Mass. 575.

*R. G. Rives*, of counsel for appellant, argued the case orally.

*McIntosh, Williams & Russell*, for appellee.

1. Every point in this case is settled adversely to appellant by the two recent decisions of this court. *McMaster* v. *R. R. Co.*, 65 Miss. 267; *Ry. Co.* v. *Petty, ante*, 255.

2. The burden of complaint is that Edwards, the section-master, failed to do his duty. But he was a fellow-servant, and there is nothing to take the case out of the operation of the general doctrine. The declaration makes out no case against the master. See Beach on Con. Neg., 123.

3. It is part of the duty of a section-hand to straighten and properly adjust fish-bars. A bent bar is not "dangerous machinery." The injury complained of was within the ordinary risks of the employment.

*R. P. Williams*, for appellee, made an oral argument.

WOODS, C. J., delivered the opinion of the court.

The earnestness with which counsel for appellant press for a reversal has led us to give the controlling question involved a thorough re-examination. We find that the determination of a single proposition will prove conclusive of the whole case, and we shall therefore confine ourselves to that.

On the case presented by appellant's pleadings, were the section-master and appellant fellow-servants? If this question is answered affirmatively, there is at once an end to the contention, for it is apparent in each count of the declaration, that the injury complained of resulted from the negligence of the section-master. It follows, therefore, that if the section-master and the appellant were fellow-servants, there can be no recovery in the case.

We might with safety and propriety decline to say more than that appellant's declaration shows by unequivocal statement that the injury complained of was the result of the negligence of the section-master, at a time when he was simply engaged in manual labor with appellant. Both were engaged at that time, in the ordinary work of simple day laborers in track repairing. The appellant was holding and the section-master was striking a bent fish-bar with a view to straightening and fitting it for its purposed use. It seems to us that this plain and brief recital, by every rule of law, is ample to demonstrate that appellant's injury was the effect produced by the negligent act of a fellow-servant.

That the question under consideration is in apparent incertitude, owing to conflicting opinions entertained by many courts of last resort in the United States, is certainly and lamentably true. But we think it may be confidently affirmed that this incertitude arises, not from any disagreement as to the reason and right of the general rule first declared in this country by the supreme court of South Carolina in the case of *Murray* v. *The S. C. R. R. Co.*, 1 McMullan, 385, and adopted in this state in the case of *N. O., J. & G. N. R. R. Co.* v. *Hughes*, 46 Miss. 258, when the subject was first considered by this court, but from a vacillating spirit which has striven to bend the rule in its application to the exigencies of particular cases. This incertitude, too, we make no doubt, arises in

part from the vague and indeterminate definition originally employed in declaring the signification of the word fellow-servants. To be sure, the most consummate use of language will fail in giving a definition which may meet at a glance every possible case, that may arise in actual life. But to continue to say that, " all who are co-working in the same common enterprise, under the same common master, and receiving compensation from him" are fellow-servants, is to leave the standard so uncertain itself as to invite every variety of contention under it. To attempt to reduce the rule to greater clearness and exactness by adding, as is often done, that " difference in compensation, or in departments, or in rank," does not have any determining effect, in seeking to ascertain who are fellow-servants in any particular case, improves the force and weight of the original definition, but still leaves the field of contention open to every rash and adventurous litigant.

In all the cases determined by this court for nearly twenty years past, what element has entered into and exercised controlling influence upon the judgment of the court in declaring who are fellow-servants? The element of co-operation, actively and personally exercised to the accomplishment of one common end. If we shall say, then, in addition to the definitions already given, that " all employés of the common master, engaged in merely *operative* service connected with the carrying on of the business of running trains" are fellow-servants, we will have made a definition and created a test by which nearly every case involving the doctrine under discussion, that has ever been in this court, was readily determinable —a definition and a test so clear and simple as to make nine-tenths of all the cases constantly occurring in railroad life and service, practically, self-determining.

The leading case in this state, that of the *N. O., J. & G. N. R. R. Co.* v. *Hughes*, 49 Miss. 258, and one uniformly and unbendingly adhered to in all subsequent causes before this court, while not resting upon the language herein employed, yet nevertheless does rest upon the sound principle that employés engaged in the *operative* department of a railroad (in that case the relationship between a section-master and a locomotive engineer was the question) were

fellow-servants in such sense as that an injury to one resulting from the negligence of the other would not impose liability upon the common master. From this wise, just and well-established rule this court has never departed nor, in its application, swerved.

It is only a few weeks since Judge Campbell, as the organ of this court, in the case of the *L. N. O. & T. Ry. Co.* v. *Petty, ante,* 255, employed the very language we have used in supplementing the usual definitions of the word fellow-servants, and, as we had fondly (it appears vainly) hoped, had made the rule so plain in Mississippi that a " wayfaring man," though a super-sanguine suitor, " need not err therein."

Appellant and the section-master were co-working in the same common employment, under the same common master, and receiving compensation from him, and were engaged in merely *operative* service connected with the carrying on of the business of running trains, though the section-master was superior in rank to appellant, and appellant was actually under his direction and control, and were, not only under our decisions, but by the best authorities elsewhere, and by every rule of right and reason, fellow-servants in such sense as to preclude any recovery from the common master for the negligence of either toward the other.

The case at bar is thoroughly covered by and in perfect harmony with the judgment of this court in the unreported case of *Sykes* v. *The Ga. Pacific Ry. Co.*, determined at the April Term, 1889, of this court. In that case the allegations of the declaration were, that Sykes was employed by one Caton as a laborer in a track-laying gang ; that Caton was the representative of the company at the time of Sykes's employment, and so remained up to the time of Sykes's receiving the injuries complained of ; that Caton had power and authority to hire Sykes, and the other laborers employed in that work, and to discharge them at his discretion ; that Caton had control, likewise, of the construction train employed in hauling timbers, etc., to be used in the construction of the road ; that Sykes and the other laborers were bound to obey Caton's orders ; that Caton ordered him to get on the train and unload cross-ties at

such places as he, Caton, designated; that after complying with this order of Caton, he was further ordered by Caton, as the representative of the company, to go with the train and get and bring back a pile-driver, and, generally, to do in that behalf whatever the engineer in charge of the train might require him to do; that the train had no conductor, but was wholly under the direction of said engineer; that the engineer ordered Sykes to uncouple two cars, and that in endeavoring to obey this order and uncouple the cars, they were suddenly jammed together, catching Sykes's leg, and so producing the injuries complained of; that Sykes was ordered into a place of greater danger than that to which his contract of service exposed him by the representative of the company, but that he was not acquainted with the dangers to which he was additionally exposed, but was bound to obey the company's orders, etc.

On consideration, this court held that the parties were fellow-servants, and the company not liable for the injury. The rule on this subject, it would seem, was thought to be so well established and understood in this state, that Chief Justice Arnold, who spoke for the court, delivered no written opinion. Because of this omission to deliver a written opinion in that case, we have thought it incumbent on us to present our views with some fullness.

*Affirmed.*

*Rives & Rives,* for appellant,

Filed a lengthy suggestion of error, reviewing the whole case, and citing many authorities, in which the following points, among others, were made :—

1. If the master, failing to furnish proper implements and appliances, orders his servant to use such as are improper and defective, and the servant is injured, the master is liable.

2. If an employer commits the entire charge of the business to an employé, with power to choose his own assistants, and to control and discharge them at pleasure, or entrusts the employé with the performance of duties which the employer is bound to perform, the employé is not a fellow-servant with those into whose hands the mere manual execution of the business is entrusted. See note

to *Fox* v. *Sanford,* 67 Am. Dec. 590, where a great many authorities are cited.

So far as this question is concerned, which is presented by the first and second counts of the declaration, we believe it is error to say that it is "in apparent incertitude, owing to conflicting opinions entertained by many courts of last resort in the United States." Courts have conflicted much on other points touching the question as to who are fellow-servants; but as on the points involved in these two counts, they have never conflicted. The extremists on either side harmonize here. If Mississippi holds otherwise, it will be the first state to do so, and this will be the first case in which it is done; and we respectfully submit that it will amount to holding that there can be no vice-principal in this state. When we get that far, a corporation cannot be held at all for injury to a servant, for a corporation can only act through agents, and, if there can be no representative of the company, no negligence can ever be imputed to it.

3. The facts in the case of *Ry. Co.* v. *Petty* are entirely different from those involved here. The servant whose negligence caused Petty's injury did not occupy the position or have the authority that Edwards had. Nor is the *Sykes Case* an authority. There the injury was caused by the negligence of the engineer, who was a fellow-servant, and not by the negligence of Caton, the alleged vice-principal.

*Overruled.*